IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ANGELO VALENCIA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF DETENTION<br><br>Case No. 1:23-CR-28-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Appeal of the Magistrate Judge's Order of Detention. The Court conducted a hearing on May 16, 2023, to hear argument from the parties. Following the hearing, the Court took the matter under advisement. For the reasons described herein, the Court affirms the Magistrate Judge's Order of Detention.

## I.   BACKGROUND

Defendant is charged in an eight-Count Indictment for seven Counts of Bank Fraud in violation 18 U.S.C. § 1344 (Counts 1 through 7) and one Count of Aggravated Identify Theft in violation of 18 U.S.C. § 1028A (Count 8). The government filed a Motion for Detention on April 25, 2023. Magistrate Judge Pead conducted a detention hearing on April 27, 2023, and ordered that Defendant be detained. Defendant filed the instant Motion for Review of Detention by District Judge on May 8, 2023.

## II.   DISCUSSION

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1). The Court conducts a de novo review of the detention issue giving no deference to the Magistrate Judge's findings or

conclusions.[1] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[2]

In making its determination, this Court is governed by the same standards as the magistrate judge. 18 U.S.C. § 3142(f) directs that the Court, upon a motion from the government, "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community" in a case that includes allegations of certain enumerated crimes, or "in a case that involves (A) serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice . . . ." Here, the government has moved for detention under 18 U.S.C. § 3142(f)(2) on the grounds that this case presents a serious risk that Defendant will flee. The Court must therefore conduct a two-part analysis. The Court must first determine, by a preponderance of the evidence, if Defendant presents a serious risk of flight, thereby triggering a detention hearing.[3] Second, if a detention hearing is triggered, the Court must then determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community.

a. Serious Risk of Flight

The government argued at the May 16 hearing that Defendant poses a serious risk of flight as demonstrated by the significant number of times he has been on fugitive status, has

---

[1] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under §3145(a) is de novo).

[2] *Lutz*, 207 F. Supp. 2d at 1251.

[3] *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

failed to appear, and has been in violation of release conditions. The government proffered that, during the period of the charged offenses, Defendant was on fugitive status and on supervision and that Defendant's fugitive status, violations, and failures to appear, have been consistent over the last 15 years. The government proffered that, as recently as September 2022, Defendant was arrested for failure to appear and was also on fugitive status or failed to appear in May 2020, August 2018, December 2017, and July 2015, evincing a problematic pattern of behavior that makes him a serious risk of flight.[4]

By contrast, Defendant argued at the hearing that, since 2012, Defendant has only failed to appear as required in Court twice, and both incidents were explainable. In the first instance of failing to appear, Defendant alleges he arrived at the courthouse as required, but was not allowed in because he was wearing shorts. In the other instance, Defendant alleges his failure was due to mistake—he had previously been sentenced to pay a fine for the underlying charges and believed that, if he paid the fine, he was not required to attend any further court proceedings. Shortly after the failure to appear, Defendant alleged he paid most or all of the fine and the warrant was subsequently recalled. Defendant further alleged that the remaining instances argued by the government wherein a warrant was issued for Defendant, or he was considered on "fugitive status," was not due to failing to appear at a requisite Court proceeding, but instead for failing to meet the terms of his court-ordered supervision. Defendant argues that failure to report to a probation officer is not relevant to the Court's consideration of whether Defendant poses a risk of flight because the inquiry before the Court is limited to the likelihood of Defendant appearing at all required *Court* proceedings, and Defendant's past failures to comply with probation are a separate issue. Defendant argues that his history demonstrates that he has and will continue to

---

[4] Docket No. 9, at 5.

participate in the guilt determination phase of the court process as required. He further asserts that he has never fled the jurisdiction while charges are pending, further demonstrating he is not a risk of flight. Therefore, Defendant maintains the government cannot meet its burden in showing that he poses a serious flight risk.

The government disputes Defendant's argument that Defendant's failures to report as required for supervision is not relevant to the determination of flight risk. The Court agrees with the government. Defendant's criminal history, particularly the number of times he has been placed on fugitive status or had a warrant issued for his arrest, evinces a general disrespect of court processes and orders. Defendant's failure to appear in court directly and failure to appear for court-ordered supervision are both of significance to the Court in assessing risk of flight. If Defendant were to be released, he would be required to be under supervision and his consistent unwillingness to comply with the terms of his supervision, especially in failing to report to his supervising officers as required, signals to the Court that he poses a serious flight risk. Therefore, the Court affirms the Magistrate Judge's determination that a detention hearing is triggered in this case under § 3142(f).

b. *Reasonable Assurance of Appearance and Safety of Community*

Under 18 U.S.C. § 3142, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[5] The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing

---

[5] 18 U.S.C. §§ 3142(b), (c), and (e).

evidence.[6] As directed by Section 3142(g), to determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[7]

At the May 16 hearing, the government argued that Defendant poses an unmanageable flight risk and danger to the community upon consideration of the Section 3142(g) factors. Defendant did not oppose the arguments presented by the government on these factors insofar as they support that Defendant poses an unmanageable danger to the community, but did oppose the government's argument that the factors support that Defendant poses an unmanageable flight risk. The Court finds that consideration of the Section 3142(g) factors, as discussed below, favors detention.

First, the Court considers the nature and circumstances of the offense charged. Here, Defendant is charged with economic or financial crimes, as opposed to crimes that pose a risk of physical harm to one or more individuals. Specifically, he is charged with bank fraud and identity theft for allegedly submitting a loan application for a vehicle using false information, including a false driver's license and a victim's social security number. After the loan was approved, he

---

[6] *Cisneros*, 328 F.3d at 616.

[7] 18 U.S.C. § 3142(g).

allegedly submitted the same false information to open a bank account with Golden West Credit Union and deposited counterfeit checks and forged checks from another victim. He ultimately withdrew approximately $6,500.00 from the account. While this crime does not threaten the physical safety of the community, it does threaten the financial safety of the community. Further, the government has proffered that Defendant was on supervision for a felony assault and fugitive status when he committed the instant offense, demonstrating that supervision is unlikely to deter him from committing further crimes if released. The Court finds this factor weighs in favor of detention.

Second, the Court considers the weight of the evidence. The Indictment provides probable cause that Defendant committed these offenses. Further, at the May 16 hearing, the government proffered that Defendant can be seen on video accessing the account; that his cell phone data traces the spending of the funds at issue to him; and that he has been identified as the person who opened the fraudulent account. The Court finds this factor also favors detention.

Third, the Court considers the history and characteristics of the person. Defendant has an extensive criminal history spanning 18 years. Defendant's criminal history includes numerous forgery, theft, and other financial crimes, along with assault and domestic violence charges. Further, Defendant's criminal history includes poor compliance with court orders and release conditions, including committing additional crimes while on supervision and failing to report to supervising officers as required. As stated, during the time he alleged to have committed the crimes charged in this case, he was on supervision for a felony assault and on fugitive status.

In favor of release, Defendant's life appears to be well-rooted in Utah. Defendant alleged at the hearing before Magistrate Judge Pead that he had obtained stable living conditions and employment in Utah. He further noted periods of good behavior on supervision, including for a

time beginning in October 2022 through his arrest for the instant case, wherein Defendant alleges he was compliant with supervised released and successful in his treatment program. However, at the May 16 hearing, the government alleged that Defendant's state probation officer had reported finding evidence in March 2023 of fraudulent activities upon a search of Defendant's phone. Based on Defendant's extensive criminal history and demonstrated patterns of non-compliance on supervision, the Court finds that this factor also favors of detention.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by the person's release. As discussed, Defendant has a significant criminal history and has demonstrated a willingness and ability to commit crimes while on release for pending charges or on probation. Defendant poses a danger to the community based on his history of committing financial and identity theft crimes against individuals while under supervision, as demonstrated here. Defendant also has a history of committing assault. On consideration of the above arguments, the Court concludes that this factor weighs in favor of detention.

Based on the Court's consideration of the each of the above factors, the Court concludes that the government has met its burden in proving there are no conditions or combination of conditions that will reasonably assure Defendant's appearance in court as required or that will alleviate the danger he poses to the community, as evidenced by his repeated offenses committed while under supervision. The Court will therefore affirm the Magistrate Judge's Order of Detention.

III.   CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Order of Detention (Docket No. 19) is AFFIRMED. It is further

ORDERED that the Motion for Detention (Docket No. 9) is GRANTED.

DATED this 18th day of May, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge